# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DDK Acquisitions, LLC, a Michigan limited liability co.

## DEFENDANTS
The Hanover Insurance Company, a foreign corp., and Brown & Brown, Inc., a foreign corp.

**(b)** County of Residence of First Listed Plaintiff: Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Worcester, Massachusetts
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jason J. Liss (P48742); Fabian, Sklar, King & Liss, P.C.
33450 W. Twelve Mile Rd., Farmington Hills, MI 48331
(248) 553-2000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Claim for insurance proceeds

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: September 29, 2022

SIGNATURE OF ATTORNEY OF RECORD: /s/Jason J. Liss (P48742)

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed? ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.) ☐ Yes ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| DDK Acquisitions, LLC, a Michigan limited liability co., <br><br> *Plaintiff,* <br><br> v. <br><br> THE HANOVER INSURANCE COMPANY, a foreign corporation, and BROWN & BROWN, INC., a foreign corporation, <br> *Defendants.* | Civil Action No. 22-cv- <br><br> Hon. |

**SUMMONS IN A CIVIL ACTION**

To: The Hanover Insurance Company
400 Lincoln St.
Worcester, MA 01653

Serve RA: The Corporation Company
40600 Ann Arbor Rd. E., Ste. 201
Plymouth, MI 48170-4675

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Jason J. Liss (P48742)
> Fabian, Sklar, King & Liss, P.C.
> 33450 W. Twelve Mile Rd. Farmington Hills, MI 48331
> (248) 553-2000

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*DAVID J. WEAVER, CLERK OF COURT*

By: _____
*Signature of Clerk or Deputy Clerk*

Date of Issuance: _____



# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

| | |
|---|---|
| DDK Acquisitions, LLC, a Michigan limited liability co., <br><br> *Plaintiff,* <br><br> v. <br><br> THE HANOVER INSURANCE COMPANY, a foreign corporation, and BROWN & BROWN, INC., a foreign corporation, *Defendants.* | Civil Action No. 22-cv- <br><br><br> Hon. |

**SUMMONS IN A CIVIL ACTION**

To: Brown & Brown, Inc.
300 North Beach St.
Daytona Beach, FL 32114

Serve RA: CSC-Lawyers Incorporating Service
2900 West Road, Ste. 500
East Lansing, MI 48823

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jason J. Liss (P48742)
Fabian, Sklar, King & Liss, P.C.
33450 W. Twelve Mile Rd. Farmington Hills, MI 48331
(248) 553-2000

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*DAVID J. WEAVER, CLERK OF COURT*

By: _____
*Signature of Clerk or Deputy Clerk*

Date of Issuance: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DDK ACQUISITIONS, LLC,
a Michigan limited liability company,

        Plaintiff,

vs.

THE HANOVER INSURANCE COMPANY,
a foreign corporation, and
BROWN & BROWN, INC.,
a foreign corporation,

        Defendants.
_____/

Case No. 22-cv-
Hon.

## COMPLAINT

NOW COMES Plaintiff, DDK ACQUISITIONS, LLC, by and through its attorneys, FABIAN, SKLAR, KING & LISS, P.C., and for its Complaint against Defendants, THE HANOVER INSURANCE COMPANY and BROWN & BROWN, INC., state unto this Honorable Court as follows:

1. Plaintiff, DDK ACQUISITIONS, LLC, is a Michigan limited liability company, which is licensed to conduct business in the State of Michigan, whose members include:

    A. Steve Friedman, who resides in Southfield, MI and is a citizen of the State of Michigan;

  B. Avi Smith, who resides in Southfield, MI and is a citizen of the State of Michigan;

  C. Phil Friedman, who resides in Southfield, MI and is a citizen of the State of Michigan;

  D. Max Berlin, who resides in Southfield, MI and is a citizen of the State of Michigan;

  E. Yehuda Kleiner, who resides in Southfield, MI and is a citizen of the State of Michigan;

  F. DK Detroit Properties, LLC, whose members include:

   (1) Yehuda Kleiner, who resides in Southfield, MI and is a citizen of the State of Michigan; and

   (2) Dovid Kleiner, resides in Brooklyn, NY and is a citizen of the State of New York.

2. Defendant, THE HANOVER INSURANCE COMPANY ("HANOVER"), upon information and belief, is a corporation organized and existing under the laws of the State of New Hampshire, which has its principal place of business in Worcester, Massachusetts and is a citizen of the State of New Hampshire and the State of Massachusetts.

3. Defendant, BROWN & BROWN, INC. ("BROWN & BROWN"), upon information and belief, is a corporation organized and existing under the laws

of the State of Florida, which has its principal place of business in Daytona Beach, FL and is a citizen of the State of Florida.

4. The facts giving rise to this action occurred in the Eastern District of Michigan.

5. The amount in controversy between the parties exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs and interest.

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332 due to the amount in controversy and the parties' diversity of citizenship.

7. At all relevant times, Plaintiff was the named insured or otherwise entitled to insurance benefits pursuant to policy no. IHH H461453 00 ("the POLICY"), procured by Defendant BROWN and issued by Defendant HANOVER, a copy of which is in Defendants' possession, which insured Plaintiff's commercial building located at 23800 Northwestern Hwy., Southfield, MI 48075 ("the BUILDING") against all risks of direct physical loss unless expressly limited or excluded by the POLICY.

8. On or about November 30, 2021, while the POLICY was in effect, Plaintiff's insured building was damaged by direct physical loss resulting from water.

9. Upon discovery, Plaintiff timely notified Defendants of the loss.

10. Pursuant to the terms of the POLICY, Plaintiff sent satisfactory proof of the fact and the amount of its loss to Defendant HANOVER.

11. On June 30, 2022, Defendant HANOVER purported to unilaterally rescind the POLICY based on its allegation that Plaintiff made a material misrepresentation in the unsigned application for insurance, specifically the representation that the insured structure had not incurred a loss or damage over $10,000 in the three years preceding the application for insurance when, in fact, the BUILDING had suffered a substantial loss on June 5, 2020. Defendant HANOVER further alleged that had it been aware of the June 5, 2020 loss, it would not have issued the POLICY. (Ex. 1).

12. Defendant BROWN & BROWN is an independent insurance agency, licensed by the State of Michigan, which procured the POLICY on Plaintiff's behalf from Defendant HANOVER.

13. In procuring the POLICY, Defendant BROWN & BROWN completed and submitted an unsigned electronic application for insurance to Defendant HANOVER on or about December 17, 2020. (Ex. 2).

14. At the time Defendant BROWN & BROWN completed and submitted the application for insurance, it had actual knowledge of the substantial loss that occurred at the BUILDING on or about June 5, 2020. (Ex. 3).

15. Despite its actual knowledge to the contrary, Defendant BROWN &

BROWN represented "No" in the application for insurance in response to the question, "Has the builder/remodeler and/or structure itself had any single loss or damage over $10,000 in the last 3 years (Include insured/uninsured losses/damages)" (see Ex. 2, p. 1).

16. Defendant BROWN & BROWN never presented the application to Plaintiff to review and approve prior to it being submitted to Defendant HANOVER.

## COUNT I – BREACH OF CONTRACT

17. Plaintiff incorporates by reference the allegation contained in paragraphs one (1) through sixteen (16) above as if set forth fully herein.

18. Upon information and belief, any misrepresentation in the application for insurance was not material.

19. Defendant HANOVER's unilateral attempt to rescind the POLICY based on a non-material misrepresentation in the application for insurance constitutes a breach of the parties' insurance contract.

20. As a direct and proximate result of Defendant HANOVER's breach of the parties' insurance contract, Defendant HANOVER remains indebted to Plaintiff for its insured losses, and any incidental and consequential damages that were in the contemplation of the parties at the time the contract was made, or which are the natural and usual consequences of a breach of a property insurance contract.

21.     Mich. Comp. Laws § 500.2833(1)(m) provides that each fire insurance policy issued or delivered in the State of Michigan shall contain the following provision:

> Each fire insurance policy issued or delivered in this state shall contain the following provisions:
> \* \* \*
> That if the insured and insurer fail to agree on the actual cash value or amount of the loss, either party may make a written demand that the amount of the loss or the actual cash value be set by appraisal. If either makes a written demand for appraisal, each party shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days after receipt of the written demand. The 2 appraisers shall then select a competent, impartial umpire. If the 2 appraisers are unable to agree upon an umpire within 15 days, the insured or insurer may ask a judge of the circuit court for the county in which the loss occurred or in which the property is located to select an umpire. The appraisers shall then set the amount of the loss and actual cash value as to each item. If the appraisers submit a written report of an agreement to the insurer, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any 2 of these 3 shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by the insured and the insurer.

22.     Pursuant to Mich. Comp. Laws § 500.2833(1)(m) and the terms of the parties' insurance contract, Plaintiff demands that the amount of the loss and its actual cash value be set by appraisal.

23.     Plaintiff is entitled to Judgment for the amount of loss as determined by the appraisal panel, plus all incidental and consequential damages incurred by

Plaintiff that were in the contemplation of the parties at the time the contract was made, or which are the natural and usual consequence of a breach of a property insurance contract.

24. Mich. Comp. Laws § 500.2006 provides for the addition of 12 percent interest on claim payments that the Defendant insurer failed to make within 60 days of receiving satisfactory proof of loss.

25. Pursuant to Mich. Comp. Laws § 500.2006, Plaintiff is entitled to 12 percent interest on all amounts paid or owing under the subject policy of insurance which Defendant HANOVER failed to timely pay.

WHEREFORE Plaintiff, DDK ACQUISITIONS, LLC, respectfully request this Honorable Court to enter a judgment in its favor and against Defendant, THE HANOVER INSURANCE COMPANY, as follows:

A. That a judgment of liability under the policy of insurance be entered for Plaintiff, DDK ACQUISITIONS, LLC, and against Defendant, THE HANOVER INSURANCE COMPANY;

B. That any dispute concerning the amount of loss be submitted to appraisal pursuant to Mich. Comp. Laws § 500.2833(1)(m) and the terms of the POLICY;

C. That a money judgment be entered for Plaintiff, DDK ACQUISITIONS, LLC, and against Defendant, THE HANOVER INSURANCE

COMPANY, in the amount owing on the appraisal award;

D. That the judgment award all incidental and consequential damages incurred by Plaintiff that were in the contemplation of the parties at the time the contract was made, or which are the natural and usual consequence of a breach of a property insurance contract;

E. That Plaintiff be awarded penalty interest pursuant to Mich. Comp. Laws § 500.2006;

F. That Plaintiff be awarded statutory interest, taxable costs, and attorney fees to which it may additionally be entitled; and

G. That the judgment award such other relief as the Court deems just in equity and good conscience.

## COUNT II - NEGLIGENCE

26. Plaintiff incorporates by reference the allegation contained in paragraphs one (1) through twenty-five (25) above as if set forth fully herein.

27. Defendant BROWN & BROWN undertook the duty to procure an insurance policy on Plaintiff's behalf that would fully insure the BUILDING against covered risks of direct physical loss.

28. Having undertaken the duty to procure a policy for Plaintiff, Defendant BROWN & BROWN, acting through its employees and/or agents, was required to exercise such reasonable skill and ordinary diligence as may fairly be expected from

a person in its profession or situation to do that which was necessary to properly obtain a policy and seeing that it effectually covered the property to be insured.

29. As an independent insurance agent, Defendant BROWN & BROWN, INC. owed a fiduciary duty to Plaintiff, its principal, to act in Plaintiff's best interest, both in terms of finding an insurer that could provide Plaintiff with the most comprehensive coverage and in ensuring that the insurance contract properly addressed Plaintiff's needs.

30. Defendant BROWN & BROWN owed Plaintiff a duty to accurately complete the insurance application it submitted to Defendant HANOVER and to not misrepresent in the application, despite its actual knowledge to the contrary, that the structure had not had any single loss or damage over $10,000 in the three years preceding the application for insurance.

31. Defendant BROWN & BROWN breached one or more of the aforementioned duties and was negligent.

32. As a direct and proximate result of Defendant BROWN & BROWN's negligence, Plaintiff suffered uninsured losses to the BUILDING.

33. Defendant BROWN & BROWN is vicariously liable under respondeat superior for the negligent acts and/or omissions of its employees/agents who completed and submitted the subject application for insurance to Defendant HANOVER on Plaintiff's behalf, since those acts and/or omissions occurred in the

course and scope of the actual or apparent authority Defendant BROWN & BROWN gave to its employees and/or agents.

WHEREFORE Plaintiff, DDK ACQUISITIONS, LLC, respectfully request this Honorable Court to enter a judgment in its favor and against Defendant, BROWN & BROWN, INC., in an amount to which Plaintiff is found entitled, including any and all interest, costs and attorney fees recoverable under the law.

    Respectfully submitted,

    FABIAN, SKLAR, KING & LISS, P.C.

    */s/ Jason J. Liss*
    Jason J. Liss (P48742)
    Attorneys for Plaintiff
    33450 W. Twelve Mile Road
    Farmington Hills, MI 48331
    (248) 553-2000
    jliss@fabiansklar.com

Dated: September 29, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DDK ACQUISITIONS, LLC,
a Michigan limited liability company,

    Plaintiff,

vs.

    Case No. 22-cv-
    Hon.

THE HANOVER INSURANCE COMPANY,
a foreign corporation, and
BROWN & BROWN, INC.,
a foreign corporation,

    Defendants.
_____/

## JURY DEMAND

NOW COMES Plaintiff, DDK ACQUISITIONS, LLC, by and through its attorneys, FABIAN, SKLAR, KING & LISS, P.C., and demands a jury trial in the above-entitled cause of action.

    Respectfully submitted,

    FABIAN, SKLAR, KING & LISS, P.C.

    */s/ Jason J. Liss*
    Jason J. Liss (P48742)
    Attorneys for Plaintiff
    33450 W. Twelve Mile Road
    Farmington Hills, MI 48331
    (248) 553-2000
    jliss@fabiansklar.com

Dated: September 29, 2022